# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPHA A. CAMPINHA-BACOTE d/b/a TRANSCULTURAL C.A.R.E. ASSOCIATES, | : : : | Case No. 1:15-cv-00277 |
| | : | Judge: |
| Plaintiff, | : | |
| -vs- | : | **COMPLAINT** |
| UNIVERSITY OF WASHINGTON | : | |
| and | : | |
| KEREN WICK, in her individual and official capacity, | : | |
| | : | |
| Defendants. | : | |

## **INTRODUCTION**

1. This is an action by Dr. Josepha Campinha-Bacote d/b/a Transcultural C.A.R.E. Associates ("Transcultural C.A.R.E."), a sole proprietorship registered under the laws of Ohio, to recover damages arising from infringement of Dr. Campinha-Bacote's copyright in her creative works by Defendants University of Washington ("UW") and Keren Wick ("Wick") (collectively "Defendants"). Defendant UW is being sued directly and vicariously through the actions of Defendant Wick. Defendants unlawfully reproduced, copied, published, and displayed Dr. Campinha-Bacote's model of cultural competency, "Cultural Competency in Healthcare Delivery: Have I 'ASKED' Myself the Right Questions?" in a PowerPoint presentation entitled "*Tradition and treatment: The impact of cultural beliefs on medical decision making.*"

1

## THE PARTIES

2. Plaintiff Dr. Campinha-Bacote ("Plaintiff") is President and founder of Transcultural C.A.R.E., with its principal place of business located at 11108 Huntwicke Place, Cincinnati, Ohio 45241. Transcultural C.A.R.E. is a private organization providing keynote presentations, workshops, seminars, consultations, and training focusing on clinical, administrative, research and educational issues related to cultural competence, transcultural health care & mental health. Dr. Campinha-Bacote operates a website by and through which her tools and models can be ordered by individuals who pay a fee.

3. University of Washington is a public research university in Seattle, WA. Upon information and belief, UW employs Defendant Wick as an Assistant Professor, Director of Research and Graduate Programs, and Director of Academic Outreach.

4. Upon information and belief, Defendant Wick is a resident of the state of Washington.

## JURISDICTION

5. This is a suit for copyright infringement under the United States Copyright Act of 1976, 17 U.S.C § 101 *et seq.*

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1338(a).

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

8. In 2002, Dr. Campinha-Bacote developed a mnemonic model of cultural competence entitled "Cultural Competency in Healthcare Delivery: Have I 'ASKED' Myself the Right Questions?" ("ASKED model"). This model is an original work that is copyrighted under U.S.

law, and a copy of the model is attached hereto as "Exhibit A".

9. On August 31, 2003 Dr. Campinha-Bacote applied to the U.S. Copyright Office and received a Certificate of Registration for her work under Registration No. TX 5-837-864, with an effective date of 9/11/03. Dr. Campinha-Bacote complied in all respects with the Copyright Laws of the United States and a copy of the Registration is attached hereto as "Exhibit B".

10. The Plaintiff is the sole owner of all rights in the copyrighted works.

11. On or around March 28, 2015, Dr. Campinha-Bacote learned that Defendants reproduced and published Dr. Campinha-Bacote's ASKED model in a PowerPoint presentation titled "*Tradition and treatment: The impact of cultural beliefs on medical decision making*" found on page 18, in Vol. 19, No. 12, Dec. 2006 issue of JAAPA.

12. Defendants did not have permission to publish Dr. Campinha-Bacote's ASKED model.

13. When asked, Defendants were unable to produce any documentation permitting use of Plaintiff's ASKED model.

14. Defendants knew or should have known that the model being used was copyrighted.

15. Plaintiff notified Defendants of the nature of its violations prior to commencing this action.

## COUNT I

16. This Count alleges copyright infringement, pursuant to 17 U.S.C. § 501. The Plaintiff repeats and realleges paragraphs 1 through 15 above.

17. Defendants knew or should have known the infringed work belonged to Plaintiff and that they did not have permission to use Plaintiff's works.

18. Defendants knew or should have known that the model being used was copyrighted.

19. Defendants knew or should have known that their acts constituted copyright

infringement.

20. Defendants' conduct was willful within the meaning of the Copyright Act.

21. The Plaintiff has been damaged by the Defendants' actions.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff demands that:

a. Defendants be enjoined from reproducing, administering, displaying, marketing, or publishing any courses that contain Plaintiff's copyrighted work;

b. Defendants be ordered to pay statutory damages pursuant to 17 U.S.C. § 504;

c. Defendants' actions be declared willful under 17 U.S.C. § 504(c)(2);

d. Defendants pay the Plaintiff reasonable attorney's fees and costs of this action, pursuant to 17 U.S.C. § 505;

e. Defendants pay pre-judgment and post-judgment interest on any damages awarded; and

f. the Court award the Plaintiff all other relief it deems justified.


Respectfully submitted,

/s/ Avonte Campinha-Bacote
Avonte D. Campinha-Bacote (0085845)
Campinha Bacote LLC
Two Miranova Place, Suite 500
Columbus, Ohio  43215
(614) 233-4727
(415) 276-2988 (fax)
Avonte@CamBacLaw.com

Trial Attorney for Plaintiff,
Josepha Campinha-Bacote