UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPHA A. CAMPINHA-BACOTE
d/b/a TRANSCULTURAL C.A.R.E.            CASE NO. 1:15-cv-277
ASSOCIATES,

        Plaintiff,                          Judge Michael R. Barrett

     v.

DR. KAREN WICK,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant Keren Wick's Motion to Dismiss the original Complaint for Failure to State a Claim (Doc. 8), Plaintiff Josepha A. Campinha-Bacote's response in opposition (Doc. 11), and Defendant Keren Wick's reply (Doc. 13). In light of Plaintiff's filing of the Amended Complaint, Defendant's first Motion to Dismiss (Doc. 8) is moot.

However, also before the Court is Defendant Keren Wick's Motion to Dismiss the Amended Complaint (Doc. 12), Plaintiff Josepha A. Campinha-Bacote's response in opposition (Doc. 14), and Plaintiff Keren Wick's reply (Doc. 15). This motion is ripe for review.

**I.**        **BACKGROUND**

       **A.**      **Allegations in Amended Complaint**

Plaintiff does business as Transcultural C.A.R.E. Associates, a sole proprietorship registered under the laws of Ohio that provides keynotes presentations, workshops, seminars, consultations, and training focused on clinical, administrative, research, and educational issues related to cultural competence, transcultural health care, and mental health. (Doc. 9, PageId 60-

61). Plaintiff is the President and Founder of Transcultural C.A.R.E., which has a principal place of business in Cincinnati, Ohio. (Id. at PageId 60). Plaintiff operates a website from Ohio through which her tools and models can be ordered by individuals who pay a fee. (Id., PageId 61-62). Plaintiff's website, presentations, books, and other mediums in which she conducts business "publicly make clear" her ties to Ohio. (Doc. 9, PageId 62). In 2002, Plaintiff developed a mnemonic model of cultural competence entitled "Cultural Competency in Healthcare Delivery: Have I 'ASKED' Mysef the Right Questions?" ("ASKED model"), which was an original work that was copyrighted under U.S. law in 2003 with Registration No. TX 5-837-864, effective date September 11, 2003. (Id., PageId 63). The copyright registration itself contains the address of Plaintiff in Cincinnati, Ohio. (Doc. 1-2, PageId 6). The ASKED model does not contain any express indication as to Plaintiff's residence in Ohio. (Doc. 1-1, PageId 5).[1]

Defendant is a resident of the State of Washington and is an Assistant Professor, Director of Research and Graduate Programs, and Director of Academic Outreach at the University of Washington. (Doc. 9, PageId 61). "Upon information and belief, Defendant publishes academic literature and publications throughout the United States, including Ohio." (Id. at PageId 62). On or around March 28, 2015, Plaintiff "learned that Defendants reproduced and published [Plaintiff's] ASKED model in an article titled "Tradition and treatment: The impact of cultural beliefs on medical decision making" that is found on page 18 in Volume 19, Number 12, of the December 2006 issue of JAAPA. (Id., PageId 63). Plaintiff alleges that Defendant did not have permission to publish the ASKED model and that neither Defendant nor her employer were able to produce any documentation permitting use of Plaintiff's ASKED model. (Id.). "Upon information and belief, Defendant's employer, University of Washington . . . recruits students

---

[1] Both the ASKED model and the copyright registration were attached to the original Complaint. (Doc. 1). While they were referenced in the Amended Complaint, they were not attached thereto. (*See* Doc. 9).

from the State of Ohio, and students from Ohio have attended UW's academic institution, in part due to publications such as Defendant's." (Id., PageId 62).

Plaintiff now brings a claim against Defendant for copyright infringement pursuant to 17 U.S.C. § 501.

### B. Defendant's Affidavit in Support of Motion to Dismiss

Defendant avers that she is currently employed by the University of Washington as an Assistant Professor, Director of Research and Graduate Programs, and Director of Academic Outreach. (Doc. 8-4, PageId 57). She further avers that she has been employed by UW since 1998 and that she has been a resident of the State of Washington since 1995. (Id.). She also declares that she has never personally been to Ohio; never advertised in Ohio; never transacted any business, of any kind, in Ohio; never contracted to supply services or goods in Ohio; never caused tortious injury by an act or omission in Ohio; never solicited any business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in Ohio; never committed any act outside of Ohio with the purpose of injuring persons in Ohio; never contracted to insure any person, properly or risk located in Ohio; and does not have any interest in using or possessing real property in Ohio. (Doc. 8-4, PageId 57-58). She states that the United States District Court for the Southern District of Ohio is approximately 2,000 miles away from her residence in the State of Washington. (Id., PageId 58).

## II. ANALYSIS

The plaintiff bears the burden of proving personal jurisdiction exists over an out-of-state defendant. *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262063 (6th Cir. 1996)); *see also Neogen*

*Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). "'[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.'" *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). When a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, however, the plaintiff "'need only make a prima facie showing of jurisdiction.'" *Beydoun*, 768 F.3d at 504 (citing *CompuServe*, 89 F.3d at 1262). The plaintiff can make this prima facie showing by "'establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction.'" *Neogen Corp.*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). The court must construe the facts in the light most favorable to the nonmoving party. *Beydoun*, 768 F.3d at 504 (citing *Neogen Corp.*, 282 F.3d at 887).

The Sixth Circuit has established a two-step inquiry to determine whether a federal district court can exercise personal jurisdiction over a defendant: (1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citing *Int'l Techs. Consultants v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997)); *CompuServe*, 89 F.3d at 1262.

### A. Long-Arm Statute

The Sixth Circuit has explained that there are two kinds of personal jurisdiction: general jurisdiction and specific jurisdiction. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,* 91 F.3d 790, 793 (6th Cir. 1996) ("Jurisdiction may be found to exist either generally, in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant

amenable to suit in any lawsuit brought against it in the forum state . . . or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum."). There has been some debate as to whether Ohio courts recognize general jurisdiction. *See Indus Trade & Tech., LLC v. Stone Mart Corp.*, No. 2:11-cv-637, 2011 U.S. Dist. LEXIS 144668, at *6-8 n. 1 (S.D. Ohio Dec. 14, 2011) (describing split on whether general personal jurisdiction is available under Ohio law). Recently, the Sixth Circuit has stated that "under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 718 (6th Cir. 2012); *see also Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014) (same as *Conn*). Accordingly, this Court will analyze only whether specific jurisdiction exists over Defendant. *See Stone v. Twiddy & Co. of Duck, Inc.*, No. 1:10-cv-591, 2012 U.S. Dist. LEXIS 104738, at *7 (S.D. Ohio July 27, 2012).

For specific jurisdiction, Plaintiff relies upon Ohio Rev. Code § 2307.382(A)(6), which allows a court to exercise personal jurisdiction over a person who:

> Caus[es] tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state.

The cases from within the Sixth Circuit suggest that this provision of Ohio's long-arm statute may encompass claims for copyright infringement under some circumstances. For example, Plaintiff relies on *Haley v. City of Akron*, No. 3:10-cv-155, 2014 U.S. Dist. LEXIS 26187, at *32 (N.D. Ohio Dec. 15, 2011), which cites to *Stolle Mach. Co., LLC v. RAM Precision Indus.*, No. 3:10-cv-155, 2011 U.S. Dist. LEXIS 144662 (S.D. Ohio Dec. 15, 2011), for the proposition that copyright infringement may give rise to a tortious injury for the purpose of the statute. In *Stolle Mach. Co, LLC*, the employee of the plaintiff violated the copyright laws while still employed in the plaintiff's Ohio facility by misappropriating the documents. 2011 U.S. Dist. LEXIS 144662,

Page **5** of **13**

at*9. The employee then moved out of state and used that previously misappropriated information to start his own company in China. *Id.* Similarly, in another case upon which Plaintiff relies, *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08-cv-977, 2009 U.S. Dist. LEXIS 11023, at *24-26 (N.D. Ohio Feb. 13, 2009), the district court determined that the defendants were amendable to suit in Ohio under § 2307.382(A)(6) for their alleged copyright infringement where the plaintiff used the intellectual property in Ohio such that the injury would be felt most severely in Ohio and where the defendants actually made a physical entry into the state and held a three-day event in Columbus, Ohio.[2]

    Here, Plaintiff has not presented any affidavits or others supporting documents to satisfy her burden of proving personal jurisdiction exists over the out-of-state defendant. *See Carrier Corp.*, 673 F.3d at 449. Instead, Plaintiff's argument rests entirely on the unsworn, unverified allegations in the Amended Complaint that would indicate that the injury to Plaintiff would be felt most severely in Ohio where she resides and does business and that Defendant had knowledge, through plain indicators on Plaintiff's website and materials, that the alleged infringement would injure Plaintiff in Ohio. However, Plaintiff has provided no support that would demonstrate those factual allegations to be true. In fact, the ASKED model attached to the original complaint contains no such plain indicator. On the other hand, Defendant has presented a declaration in which she attests that, among other things, she has never been to Ohio, transacted business in Ohio, caused tortious injury in Ohio, or committed any act outside of Ohio with the purpose of injuring persons in Ohio. (Doc. 8-2, PageId 57-58). Therefore, the only

---

[2] Plaintiff also relies on *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 163-64 (S.D. Ohio Nov. 29, 2012 ), in which the court provides examples of circumstances in which Ohio Rev. Code § 2307.382(A)(6) has applied. As for Plaintiff's citation to *Cash Homebuyers, Inc. v. Morningstar*, No. 5:05-cv-2296, 2006 U.S. Dist. LEXIS 72674 (N.D. Ohio Oct. 5, 2006), it is not helpful to Plaintiff because the opinion contains no analysis and the action was dismissed for lack of personal jurisdiction.

evidentiary materials provided to the Court support a finding that the Court does not have jurisdiction over Defendant under § 2307.382(A)(6) of Ohio's long-arm statute.

### B. Due Process

Even if Plaintiff satisfied her burden as to Ohio's long-arm statute, she still must show that jurisdiction comports with due process. *Conn*, 667 F.3d at 711 (citing *CompuServe*, 89 F.3d at 1262); *see also Fraley v. Estate of Oeding*, 138 Ohio St. 3d 250, 257 (2014) ("[E]ven satisfaction of the long-arm statute does not justify the exercise of jurisdiction unless that exercise also comports with the defendant's constitutional right to due process."). To comport with due process, the defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

The Sixth Circuit has established a three-part test to determine whether personal jurisdiction under Ohio's long arm statute meets the due process requirements. *U.S. Diamond & Gold v. Julius Klein Diamonds LLC*, No. C-3-06-371, 2007 U.S. Dist. LEXIS 23076, at *25 (S.D. Ohio Mar. 29, 2007) (citing *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 430 (6th Cir. 2006); *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968)). "First, the defendant must purposely avail himself of the privilege of acting in Ohio or causing a consequence in Ohio." *U.S. Diamond & Gold*, 2007 U.S. Dist. LEXIS 23076, at *25. "Second, the cause of action must arise from the defendant's activities in Ohio." *Id*. "Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with Ohio to make the exercise of jurisdiction over the defendant reasonable." *Id*.

Here, the Court finds that personal jurisdiction over Defendant does not comport with due process. First, as with the long-arm statute, Plaintiff has provided no affidavits or other documents to support her position as to personal jurisdiction. Instead, Plaintiff again relies solely on the unsown, unverified allegations in the Amended Complaint, which is insufficient. *See Carrier Corp.*, 673 F.3d at 449.[3]

Second, Plaintiff's arguments as to purposeful availment resting solely upon the allegations in the Amended Complaint are not well taken. Plaintiff's primary argument is that Defendant used a copyright owned by a person in Ohio and had knowledge that Plaintiff resided in and/or conducted business in Ohio such that Defendant knew the injury would occur in Ohio. But such allegations are insufficient to establish minimum contacts with Ohio for the purposes of the due process analysis. Indeed, the Sixth Circuit recently rejected such an argument in *Maxitrate Tratamento Termico e Controles v. Super Sys.*, No. 14-3807, 2015 U.S. App. LEXIS 8999, at *5-6 (6th Cir. May 28, 2015), explaining:

> Hedman principally contends that Seguros's refusal to defend Maxitrate counts as purposeful activity in Ohio, citing *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), in support. There, the Court held that tabloid journalists in Florida were properly sued for libel in California, where the plaintiff lived. The tabloid had sold over 600,000 copies in California, and the defendants knew that "the brunt of [the plaintiff's] injury would be felt" there. *Id.* at 785, 789-90. Hedman relies on language in *Calder* suggesting that, if a defendant knows that its intentional acts will cause effects in a state, then that state can exercise jurisdiction over the defendant. *See id.* at 789-90. But the Supreme Court rejected that theory of personal jurisdiction (and that interpretation of *Calder*) last year in *Walden [v. Fiore],* 134 S. Ct.[1115,] 1123-26 [(2014)]. There, the Court held that Nevada could not exercise jurisdiction over a defendant from Georgia based merely on the defendant's knowledge that his false affidavit would cause harm to two plaintiffs in Nevada. *Id.* at 1125-26. To hold otherwise, the Court held, would "improperly attribute[] a plaintiff's forum connections to the defendant and mak[e] those connections decisive in the jurisdictional analysis." *Id.* at 1125 (quotation marks omitted). Thus, the Court held, "it is the defendant, not the

---

[3] Plaintiff has not requested to conduct any discovery on personal jurisdiction to support her motion.

      plaintiff or third parties, who must create contacts with the forum State." *Id.* at 1126.

Similar to *Maxitrate Tratamento Termico e Controles*, Plaintiff's arguments do not show that Defendant purposefully created any contacts with Ohio. To the contrary, the allegations show, at best, that Defendant merely knew or should have known that her actions may have some effect in Ohio. That is not enough to show purposeful availment. *Walden v. Fiore*, 134 S. Ct. 1115, 1125 (2014) ("[M]ere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

      Plaintiff next alleges that "Upon information and belief, Defendant publishes academic literature and publications throughout the United States, including Ohio." (Doc. 9, PageId 62). Plaintiff adduces no evidence to support this bare allegation. Plaintiff's reliance on *Ampro Industries Inc. v. Dr. Farrah Gray Publ'g, LLC,* No. 12-2696, 2013 U.S. Dist. LEXIS 138290 (W.D. Tenn. Sept. 26, 2013) is misguided. Not only is the decision non-binding on this Court, but the decision was rendered in the context of a motion for default judgment where the defendant had offered no response or evidence. *Id.* at *1. The district court therefore construed an allegation in the Complaint that the defendant publishes and distributes books throughout the United States, including in the forum state, as establishing that the defendant distributed its books with direct knowledge that its product was being distributed within the forum state. *Id.* at 13. This case does not involve a motion for default judgment, and Defendant has proffered an affidavit to support her motion to dismiss. Plaintiff thus cannot rest on her pleadings alone to establish personal jurisdiction. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir.

2012).  Given that Plaintiff has adduced no evidence to support a finding that Defendant herself directly published this article or any other article in Ohio and Defendant has presented evidence to the contrary, Plaintiff has failed to evince a meaningful connection between Defendant and Ohio.

Even  Plaintiff's more specific allegation as to the publication at issue in this case that "Defendant[] reproduced and published Dr. Camphina-Bacote's ASKED model in an article titled "Tradition and treatment:  The impact of cultural beliefs on medical decision making" in the December 2006 issue of JAAPA (Doc. 9, PageId 63) fails to show purposeful availment.  The Supreme Court has explained:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State.  Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.  But a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.

*Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987).  As such, mere knowledge that a company may or is likely to distribute a product nationally is insufficient conduct upon which to predicate purposeful availment.  *Bridgeport Music, Inc. v. Still N the Water Publ'g*, 327 F.3d 472, 480 (6th Cir. 2003).  Here, Plaintiff's allegation as to this particular article show nothing more than placement into the stream of commerce with knowledge that a company potentially may distribute the article nationally.  There are no allegations that Defendant, for example, advertised in Ohio, contracted for the distribution of her article into Ohio, or designed the article to serve the Ohio market specifically.  While Plaintiff relies on *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002), for the proposition that distribution, even if not directly

targeted to Ohio residents, is sufficient to establish purposeful availment, that case does not alter the outcome.  Plaintiff ignores that the *Bird* plaintiff also proffered some evidence that the defendant repeatedly accepted the business of potentially 4,666 Ohio residents.  *Id.* at 874-75.  No such evidence that Defendant purposefully connected with Ohio in a meaningful way has been proffered here.

Plaintiff's allegation that Defendant's employer recruits students from Ohio and students from Ohio have attended the University of Washington's academic institution due in part to publications such as Defendant's (Doc. 9, PageId 62) similarly fails to establish that Defendant herself created or directed contact with Ohio.  In fact, Plaintiff offers no explanation as to why such contact by her *employer* is sufficient to support personal jurisdiction over Defendant consistent with due process.

Finally, her allegation that "Upon information and belief, Defendant published Dr. Campinha-Bacote's copyright in such a way that individuals in Ohio viewed Dr. Campinha-Bacote's copyrighted work" (Doc. 9, PageId 62) is insufficient.  Not only is it unclear as to how Ohio residents were able view the published work, it also is unclear as to how the ability of individuals in Ohio to view the published work impacts the due process analysis.  To the extent this argument relates to the placement of the article into the stream of commerce, the above analysis also is applicable here.  The Court further surmises that Plaintiff is attempting to analogize the facts of this case to those cases in which courts have held that a defendant's use of a website can support personal jurisdiction.  But simply making content available does not satisfy the threshold for due process.  "The Sixth Circuit has explained that the operation of a website may constitute the purposeful availment of the privilege of acting in a forum state 'if the website is interactive to a degree that reveals specifically intended interaction with residents of

the state.'"  *Stone v. Twiddy & Co. of Duck, Inc.*, No. 1:10-cv-591, 2012 U.S. Dist. LEXIS 104738, at *16 (S.D. Ohio July 27, 2012) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002)).  Plaintiff has failed to demonstrate with any reasonable particularity that Defendant punished the copyright "in such a way" that would demonstrate any interactive element or any intent of Defendant to target Ohio residents specifically.  Again, for the same reasons set forth above, Plaintiff's reliance on *Bird*, 289 F.3d at 874-75, does not alter that conclusion.  As Plaintiff has failed to show that Defendant purposefully availed herself of the protections and benefits of Ohio laws, the Court cannot conclude that Defendant would have reasonably anticipated being haled into court in Ohio.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).[4]

Given the above conclusion that Plaintiff has not demonstrated that Defendant had sufficient minimum contacts with Ohio, Plaintiff's cause of action for copyright infringement cannot arise from Defendant's Ohio activities and Plaintiff is not entitled to an inference of reasonableness.  *See Haley v. City of Akron*, No. 5:13-cv-232, 2014 U.S. Dist. LEXIS 26187, at *30 (N.D. Ohio Feb. 27, 2014).  Without that inference, and considering the burden of Defendant defending a lawsuit in a distant forum in which she has not reasonably anticipated being haled

---

[4] Plaintiff has not cited to a single case where a court exercised personal jurisdiction based on the same or similar facts as alleged in the Amended Complaint.  In each of the cases relied upon by Plaintiff in which a court found personal jurisdiction to exist, the plaintiff had shown that the defendants had substantial connections to Ohio.  For example, the defendants in those cases were prior residents, were employed by Ohio companies, traveled to Ohio for business purposes, or had specifically targeted Ohio residents.  *See Bird v. Parsons, 289 F.3d 865* (6th Cir. 2002) (holding that the purposeful availment requirement was satisfied where the defendant maintained a website on which Ohio residents could register domain names and where the plaintiff proffered evidence that the defendant accepted business of 4,666 Ohio residents); *Haley v. City of Akron*, No. 5:13-cv-232, 2014 U.S. Dist. LEXIS 26187 (N.D. Ohio Deb. 27, 2014) (holding that due process was satisfied as to several defendants where evidence showed they specifically and intentionally availed themselves of the privileges and benefits of Ohio laws when they contacted law enforcement in Ohio to procure the return of a vehicle to Texas); *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08-cv-977, 2009 U.S. Dist. LEXIS 11023 (N.D. Ohio Feb. 13, 2009) (holding that it did not offend constitutional due process to exercise personal jurisdiction over a business where it maintained an interactive website specifically targeting Ohio residents and where it held and promoted an event in Ohio; nor did it offend constitutional due process to exercise personal jurisdiction over individuals who had regular oral and written contacts with the plaintiff in Ohio, had an employment relationship with the plaintiff spanning a number of years, and were paid through an Ohio bank account).  Plaintiff has adduced no evidence as to any such similar facts in this case.

into court, the exercise of personal jurisdiction over Defendant would not be reasonable in this case.

Accordingly, Defendant's second motion to dismiss shall be granted.

### III. CONCLUSION

Consistent with the foregoing, Defendant's first Motion to Dismiss (Doc. 8) is **DENIED AS MOOT** and Defendant's second Motion to Dismiss (Doc. 12) is **GRANTED**. This case is hereby **DISMISSED** for lack of personal jurisdiction over Defendant.

**IT IS SO ORDERED**.

                                            s/Michael R. Barrett
                                            JUDGE MICHAEL R. BARRETT
                                            UNITED STATES DISTRICT COURT